

WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| WARREN A. HEMPHILL, | * | Case No. 06-13937-WIL |
| | | Chapter 13 |
| Debtor. | * | |
| * * * * * * * | * * * * * * |
| WARREN A. HEMPHILL, | * | |
| NANCY SPENCER GRIGSBY, | | |
| | * | |
| Plaintiff and | | |
| Intervenor-Plaintiff, | * | |
| v. | * | Adv. No. 06-01585-WIL |
| THELMA HOLLOWAY, | * | |
| Defendant. | * | |
| * * * * * * * | * * * * * * |

**MEMORANDUM OF DECISION IN SUPPORT OF ORDER**
**GRANTING PLAINTIFFS' MOTION [23] FOR SUMMARY JUDGMENT**

On August 3, 2006, Warren A. Hemphill, Sr. (the "Debtor"), filed a Complaint [1] against Thelma Holloway (the "Defendant"), seeking to avoid Defendant's judgment lien on certain real property as a preferential transfer under 11 U.S.C. § 547(b). The Defendant filed an Answer [6] and a Motion to Dismiss on the grounds that only the Chapter 13 Trustee had

standing to bring the lawsuit.  On September 30, 2006, the Chapter 13 Trustee filed a Motion [7] to Intervene.  The Court entered an Order granting the Trustee's Motion to Intervene on October 6, 2006 and denied the Defendant's Motion to Dismiss on October 12, 2006.  The Court entered a Scheduling Order on October 12, 2006.  Trial is scheduled for April 6, 2007.

On December 22, 2006, the Debtor and the Trustee (collectively, the "Plaintiffs") filed a Motion [23] for Summary Judgment [6] (the "Motion").  The Defendant did not file a response.  The Court has reviewed the pleadings and the record in this case and finds that the Motion will be granted.

## **Standard for Granting Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure (made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure) provides:

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Fed. R. Civ. Proc. 56(c).

The Rule further provides:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment *if appropriate*, shall be entered against the adverse party."

Fed. R. Civ. Proc. 56(e) (emphasis added).

One of the principal purposes of summary judgment is to isolate and dispose of all factually unsupported claims or defenses. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). To that end, the Court considers all evidence in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505 (1986) (all justifiable inferences are drawn in the nonmovant's favor). The mere existence of an alleged factual dispute does not defeat a motion for summary judgment; rather the standard requires that there be no genuine issue of *material* fact. *Id*. at 247-48. Only disputes over the facts that might affect the outcome of the lawsuit under applicable law will preclude entry of summary judgment. *Id*. Therefore, once a motion for summary judgment is made and supported as provided in the Rule, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. Proc. 56(e). The nonmovant may rely on any evidentiary materials listed in Rule 56(c), except the motions themselves. *Celotex,* 477 U.S. at 325. If reasonable minds could differ as to the import of the evidence, summary judgment should not be granted. *Liberty Lobby, Inc.*, 477 U.S. at 248.

### Facts

The following facts are straightforward and undisputed: on July 6, 2006, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. At the time of the filing, he owned real property located at 8812 Oak Lane, Fort Washington, Maryland (the "Property"). The Property was encumbered by two deeds of trust totaling approximately $290,000.00, a statutory lien in the amount of $16,078.75, and the Defendant's judgment lien in the amount of $6,342.00. The Property was scheduled for foreclosure on July 10, 2006 but was stayed by the bankruptcy filing.

On July 20, 2006, the Defendant filed a proof of claim, Claim No. 5, asserting a secured claim against the Debtor in the amount of $6,540.00. Attached to the proof of claim was a copy of the Notice of Lien of Judgment recorded in the Circuit Court of Maryland for Prince George's County on April 28, 2006. This date is within ninety days of the petition date.

### Discussion

Section 547(b) of the Bankruptcy Code permits the trustee to avoid any transfer of an interest of the debtor in property: (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before the transfer was made; (3) made while the debtor was insolvent; (4) made within ninety days before the petition date; and (5) that enables a creditor to receive more than she should receive if the case were under chapter 7, the transfer had not been made and creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code. 11 U.S.C. § 547(b).

The Plaintiffs asserted in the Motion that the judgment lien was recorded on April 28, 2006, that the lien arose out of a judgment entered in the Defendant's favor on an antecedent debt, that the recording of the lien effectuated a transfer of an interest of the Debtor in the Property, that the Debtor was insolvent at the time, that the transfer occurred sixty nine days before the petition date, and that the Defendant received more by that transfer than she would have if the case was in chapter 7, the transfer had not been made and she had received payment under the Bankruptcy Code.

Accordingly, the Court finds that there is no genuine issue of material fact and that the Plaintiffs are entitled to judgment as a matter of law. The Defendant's judgment lien will be

avoided as a preferential transfer pursuant to 11 U.S.C. § 547(b) and the Defendant shall have an unsecured claim against the bankruptcy estate. An Order will be entered contemporaneously with this Memorandum.


cc:    Debtor
        Debtor's Counsel - Tanya M. Kripetz, Esq.
        Chapter 13 Trustee
        Counsel for Chapter 13 Trustee - Mark Park McLean, Esq.
        U.S. Trustee